IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERE O'CONNOR and JOHN O'CONNOR, | No. C 05-0922 CW |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| TRAVELERS INSURANCE, STANDARD FIRE INSURANCE COMPANY and DOES 1 through 10, | |
| Defendants. | |

Defendants Travelers Insurance and Standard Fire Insurance Company move to dismiss Plaintiffs' First Amended Complaint (FAC) pursuant to Federal Rule of Civil Procedure 12(b)(6). Instead of filing an opposition to the motion to dismiss, Plaintiffs Tere O'Connor and John O'Connor move to remand this action to State court. Defendants oppose the motion to remand. The matters were taken under submission on the papers. Having considered the papers filed by the parties, the Court GRANTS Plaintiffs' motion to remand and DENIES Defendants' motion to dismiss.

BACKGROUND

This dispute arises out of an automobile accident involving Plaintiffs' daughter for which Defendants denied coverage. Plaintiffs filed their original complaint on July 22, 2004, in the Superior Court for the County of Contra Costa alleging breach of contract, bad faith, fraud and negligence. The complaint, which does not state the amount of damages Plaintiffs seek, was served on Defendants on September 24, 2004, and Defendants filed a notice of removal on October 21. Defendants filed a motion to dismiss on October 28, and Plaintiffs filed a motion to remand on November 19. Plaintiffs also filed an amended complaint, their first, on December 23. In a January 5, 2005 Order, the Court granted Plaintiffs' motion to remand on the grounds that Defendants had provided no evidence to show that the amount in controversy exceeds $75,000. The Court denied Defendants' motion to dismiss for lack of subject matter jurisdiction.

On March 3, 2005, Defendants again removed the case to federal court. Defendants based their removal on Plaintiffs' response to their request for a statement of damages, which Plaintiffs served on February 14, 2005. In that statement, Plaintiffs alleged damages of $12,000 in attorneys' fees, $5,000 in expert services, $1,000 for the purchase of alternative insurance, "emotional and mental distress in an amount which is unknown, but which is not expect[ed] to exceed $250,000," and unspecified punitive damages. On March 13, Plaintiffs made a settlement demand of $40,000.

## LEGAL STANDARD

A defendant may remove a civil action filed in State court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. section 1447 provides that if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from State court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to State court. Id.

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint, the defendant has the burden to show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).

## DISCUSSION

I.  Motion to Remand

Plaintiffs contend that Defendants have not shown, by a preponderance of the evidence, that the amount in controversy

3

1 exceeds $75,000.  Defendants argue that Plaintiffs' statement of
2 damages "identified approximately $250,000 in damages," Defs.'
3 Opp. at 3, coupled with Plaintiffs' failure to respond to
4 Defendants' request for a stipulation that they will not seek
5 more than $75,000 in damages, is sufficient to meet Defendants'
6 burden to establish the amount in controversy.

7 Defendants mischaracterize Plaintiffs' statement, which
8 does not actually identify $250,000 in damages.  Instead, that
9 statement specifies that Plaintiffs' damages for mental and
10 emotional distress are "unknown," but will not exceed $250,000.
11 This is not sufficient evidence to prove by a preponderance of
12 the evidence that Plaintiffs actually value their claim to be
13 worth more than $75,000, much less $250,000.  Nor does
14 Plaintiffs' failure to respond Defendant's request for a
15 stipulation, itself or in combination with the statement of
16 damages, constitute sufficient proof that the amount in
17 controversy exceeds $75,000.  In fact, Defendants' evidence is
18 less conclusive than that available in Surber v. Reliance Nat'l
19 Indemnity Co., 110 F. Supp. 2d 1227, 1230-31 (N.D. Cal. 2000),
20 where a court held that the insured's statement of damages
21 seeking more than $1.2 million was not sufficient evidence to
22 support removal.  See also Valdez, 372 F.3d at 1117 (finding
23 that conclusory statement that amount in controversy exceeded
24 $75,000 did not constitute proof by a preponderance of the
25 evidence). Because the Court finds that the evidence proffered
26 by Defendants is inadequate, it need not consider whether
27 Plaintiffs' settlement offer represents competent contradictory
28

4

evidence.

II.  Motion to Dismiss

Because the Court grants Plaintiffs' motion to remand, it lacks subject matter jurisdiction over this action. Defendants' motion to dismiss is denied because the Court lacks jurisdiction to consider it. See <u>Harris v. Provident Life & Accident Ins. Co.</u>, 26 F.3d 930, 934 (9th Cir. 1994)(vacating the district court's judgment because it lacked jurisdiction over the case).

CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED (Docket No. 15) and Defendants' motion to dismiss is DENIED (Docket No. 10).  Defendants' request for judicial notice is DENIED as moot (Docket No. 11).  The case is remanded to the Superior Court for the County of Contra Costa.

IT IS SO ORDERED.


Dated: 6/2/05                    /s/ CLAUDIA WILKEN
                                 CLAUDIA WILKEN
                                 United States District Judge

5